IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) CR 07-289 (See CA 14-948) |
| ROBERT SHANNONHOUSE, | ) CR 07-433 (See CA 14-949) |
| | ) |
| Defendant/Petitioner. | ) |

O R D E R

AND NOW, this 9th day of June, 2015, upon consideration of Defendant/Petitioner Robert Shannonhouse's pro se "Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter "motion") (Doc. No. 156 at CR 07-289; Doc. No. 40 at CR 07-433), filed in the above-captioned matters on July 15, 2014, and in further consideration of Petitioner's pro se response to the Court's Order to show cause why all of the issues in said motion, except those arising under Alleyne v. United States, 133 S. Ct. 2151 (2013), and Descamps v. United States, 133 S. Ct. 2276 (2013), should not be dismissed as untimely (Doc. No. 158 at CR 07-289; Doc. No. 42 at CR 07-433), filed in the above-captioned matters on September 19, 2015,

IT IS HEREBY ORDERED that said motion is DISMISSED in part, except regarding those issues arising under Alleyne and Descamps.

I. **Background**

On December 17, 2007, Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack (at CR 07-289), and one count of possession with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack (at CR 07-433), in violation of 21 U.S.C.

1

§ 851. Pursuant to a plea agreement, Petitioner pled guilty to Count One of the indictment filed at CR 07-289, and he waived indictment and pled guilty to Count One of the information filed at CR 07-433.[1] Petitioner's plea agreement included a waiver of certain appellate rights, as well as a provision stating that the Petitioner "further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." On April 2, 2008, United States District Judge Arthur J. Schwab sentenced Petitioner to 240 months at both counts, to be served concurrently, to be followed by a term of supervised release of ten years at both counts, also to be served concurrently. Judgment was entered on April 3, 2008, and no appeal was filed.

On August 31, 2010, Petitioner's attorney filed a Motion for Disqualification with Citation to Authority, asking that Judge Schwab recuse himself from the case due to a conflict that had arisen in another case. (Doc. No. 21). Petitioner's case was subsequently reassigned to United States District Judge Alan N. Bloch on September 20, 2010. On May 23, 2013, the Court reduced Petitioner's sentence to a term of imprisonment of 180 months at Count 1 of the indictment filed at CR 07-289, and a term of imprisonment of 180 months at Count 1 of the information filed at CR 07-433, to be served concurrently. (Doc. No. 39). In all other respects, the sentence imposed on April 2, 2008, remained in full force and effect.

On July 15, 2014, Petitioner filed his "Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Since Petitioner filed this motion more than six years after judgment was entered in his case, the Court issued an Order on July 17, 2014, requiring him to show cause why all of the issues in his motion, except those arising under <u>Alleyne</u> and <u>Descamps</u>, should not be dismissed

---

[1] The Court will be referring to the docket at CR 07-433 in setting forth the procedural history.

as untimely. (Doc. No. 41). On September 19, 2014, Petitioner filed his response to the Court's Order. (Doc. No. 42).

**II.    Discussion**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Petitioner brings his pro se motion pursuant to 28 U.S.C. § 2255, which permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Although a prisoner was previously able to file a Section 2255 motion at any time, the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 ("AEDPA"), has imposed stringent requirements for seeking and obtaining collateral relief. The AEDPA amended Section 2255 to impose a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of

the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by
the Supreme Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

As previously noted, final judgment in this case was entered on April 3, 2008, and Petitioner did not appeal his conviction or sentence.[2] Therefore, at the latest, the deadline for Petitioner to file a Section 2255 motion was May of 2009. The present motion was filed well over one year past that deadline—more than six years later, actually—so subsection (1) does not apply in this case. There is also no indication in the record that subsections (2) or (3) are applicable to the issues currently under consideration in this case.[3] Lastly, as to subsection (4), Petitioner has not identified any facts supporting his claim which could have been discovered at a later date through the exercise of due diligence. As such, Petititioner cannot satisfy any of the criteria under Section 2255(f) and, therefore, the issues currently under consideration in Petitioner's motion are untimely.[4]

---

[2] Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 14 days from April 3, 2008, in which to file a notice of appeal. "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final [within the meaning of § 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

[3] The Court notes that Petitioner's arguments regarding Alleyne and Descamps are not under consideration at this time. (Doc. No. 40, at 2, issues F and G).

[4] Although the Court does not reach the waiver issue because of Petitioner's timeliness problem, the Court notes that, under the terms of the plea agreement, Petitioner clearly and unambiguously waived his right to file a motion under Section 2255 or to otherwise seek collateral relief.

4

The Third Circuit has held that the one-year limitations period for filing a Section 2255 petition is a statute of limitations, and is therefore subject to equitable tolling. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Federal courts, however, invoke the doctrine of equitable tolling "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). In fact, equitable tolling is only appropriate when the petitioner has been prevented from asserting his rights "'in some extraordinary way.'" Miller, 145 F.3d at 618 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). Additionally, the petitioner must show that he "'exercised reasonable diligence in investigating and bringing [the] claims.'" Id. at 618-19 (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)). "Mere excusable neglect is not sufficient" to toll the statute of limitations. Id. at 619.

In the present case, Petitioner offers no evidence concerning the investigation and filing of his claims. Moreover, despite the Court's show cause Order, which (1) informed Petitioner that his motion was subject to dismissal because it was untimely, and (2) ordered him to provide a reason why his motion should not be dismissed as such, Petitioner barely addresses the issue of timeliness in his response. Petitioner first vaguely contends in his response that, because of the issues which led to Judge Schwab's recusal, this Court should consider all the issues Petitioner raises in his 2255 motion. The conflict and recusal issue, however, did not arise until 2010, which was over a year past Petitioner's deadline for filing a Section 2255 petition. Moreover, the recusal matter stemmed from a case that was wholly unconnected with Petitioner's case. Nothing in this case led to the recusal, other than the fact that Petitioner was represented by the United States Public Defender. This argument, therefore, is completely lacking in merit.

Second, Petitioner contends in his response that, as a pro se litigant, he did not file a Section 2255 petition "due to the other motions that he has had to file." (Doc. No. 42, at 3). However, neither Petitioner nor his attorney filed any motions during the one-year period after judgment was entered in Petitioner's case. Furthermore, the only motions later filed by Petitioner in the case were actually filed by Petitioner's counsel—not by Petitioner as a pro se litigant—and these motions were filed well after the Section 2255 deadline had already passed. This activity does not explain the lateness of the filing of Petitioner's motion.

In sum, the arguments set forth by Petitioner in his response to the Court's Order do not present extraordinary circumstances sufficient to equitably toll the AEDPA's statute of limitations, and Petitioner has therefore failed to show cause why this Court should not dismiss his motion, in relevant part, as untimely.

### III.     Conclusion

Accordingly, the issues raised in Petitioner's motion, except for those issues arising under Alleyne and Descamps, (Doc. No. 40, at 2, issues F and G), are dismissed as untimely.

s/Alan N. Bloch
United States District Judge

Date:   June 9, 2015

ecf:    Counsel of record

cc:     Robert Shannonhouse, Fed. Reg. No. 09544-068
        FCI Beckley
        P.O. Box 350
        Beckley, WV 25813