IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal Nos. 07-289 and 07-433 |
| | ) | |
| ROBERT SHANNONHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 30th day of July, 2019, upon consideration of Defendant Robert Shannonhouse's Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act of 2018 (Doc. No. 177 at Crim. No. 07-289, Doc. No. 58 at Crim. No. 07-433), filed in the above-captioned matters on April 17, 2019, and in further consideration of the Government's response thereto (Doc. No. 180 at Crim. No. 07-289, Doc. No. 61 at Crim. No. 07-433), filed on May 15, 2019, and Defendant's reply (Doc. No. 181 at Crim. No. 07-289, Doc. No. 62 at Crim. No. 07-433), filed on May 28, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED. The Court will issue an Order and Judgment amending Defendant's sentence at each of Criminal Nos. 07-289 and 07-433 as discussed in this Order.

The parties agree that Defendant is eligible for a sentencing reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222 (2018) ("First Step Act"), which makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, 2372 (2010) ("Fair Sentencing Act"). Sections 2 and 3 of the Fair Sentencing Act reduced the statutory penalties for drug offenses involving cocaine base under 21

1

U.S.C. § 841(b). Among the changes enacted was an increase in the amount of cocaine base needed to trigger the highest possible sentencing range from 50 grams of cocaine base to 280 grams. The First Step Act, in turn, permits a court that imposed a sentence for a covered offense committed before August 3, 2010, to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act at § 404(b).

As noted, there is no dispute that Defendant's offenses of conviction constitute covered offenses. Likewise, the parties agree that, based on the amount of cocaine base alleged in the counts on which Defendant was convicted, he would no longer be subject to the 20-year mandatory minimum sentence that applied when he was sentenced in 2008.[1] Instead, the statutory mandatory minimum sentence, assuming the application of Section 851, would be 10 years' imprisonment. There also appears to be no dispute that, under Section 404 of the First Step Act, this Court has the discretion to reduce or decline to reduce the sentences imposed at those counts. See United States v. Crews, Crim. No. 06-418, 2019 WL 22448650, at *4 (W.D. Pa. May 24, 2019); United States v. Cruz, No. 1:95-cr-204, 2019 WL 3070562, at *3 (M.D. Pa. July 12, 2019); United States v. Lawson, No. 1:03-cr-398, 2019 WL 1959490, at *2 (N.D. Ohio May 2, 2019). Where the parties do ultimately disagree is as to whether the Court should exercise its discretion and impose a reduced sentence. The Court agrees with Defendant that it should.

This case demonstrates just how difficult it can be to apply a statute like the Fair Sentencing Act retroactively. Defendant was originally sentenced by the Honorable Arthur J.

---

[1] Defendant was subject to this 20-year mandatory minimum based on having possessed with the intent to distribute 50 grams or more of cocaine base (and conspired to do so) and based on having had a prior conviction for a serious drug felony. See 21 U.S.C. §§ 841(b)(1)(A) and 851.

2

Schwab to 240 months' imprisonment at each of Criminal Nos. 07-289 and 07-433, to be served concurrently. This sentence represented the statutory mandatory minimum and was a fairly modest variance from the guideline range recommended by the United States Sentencing Guidelines of 262-327 months. The charging documents in each of these cases noted that the amount of cocaine base involved was 50 grams or more, since that would have triggered the maximum penalty at the time. Whether Defendant could have been indicted for trafficking 280 grams of cocaine base at one or both cases is not clear.[2] Moreover, while the applicable statutory minimum sentence would be reduced under the Fair Sentencing Act, Defendant's guideline range would remain unchanged. To further complicate the matter, the case was re-assigned from Judge Schwab to the undersigned, who further reduced Defendant's sentence to 180 months' imprisonment on specific statutory grounds. It is not so easy, therefore, to determine the proper sentence that would apply "if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

Fortunately, the circumstances of this case make it easier for the Court to determine what it should do. Defendant has already served a very substantial portion of his 180-month sentence; with credit for good behavior, he is currently scheduled to be released from custody in approximately 13 months. While it might be difficult for the Court to craft a new sentence from scratch, it is not difficult to find that the sentence should be reduced at least as much as the time Defendant has remaining on his sentence. The Government's primary argument against such a reduction is that Defendant would still qualify as a career offender under

---

[2] The parties stipulated that the quantity of cocaine base attributable to Defendant was more than 150 grams but less than 500 grams. While the precise quantity involved is not certain, it does appear that indicting Defendant for possessing with the intent to distribute 280 grams, or conspiring to do so, may have been a possibility. The Court takes no position on how this issue is to be determined under the First Step Act, but merely notes that it illustrates the general complexity of attempting to retroactively adjust a sentence under the Act.

USSG § 4B1.1, and that his recommended guideline range would therefore remain unchanged. It suggests that the variance at sentencing and previous reduction were tied as much or more to that range as to the statutory minimum sentence. This Court disagrees.

Judge Schwab, of course, was not bound by the advisory guideline range, and did in fact sentence Defendant outside of that range, so the fact that the range remains unchanged is of little significance. Defendant received a variance from the recommended guideline range at his original sentencing and certainly still would have if Sections 2 and 3 of the Fair Sentencing Act had applied at the time. Further, at sentencing, Judge Schwab clearly indicated that the statutory mandatory minimum of 20 years was the main factor in determining the scope of the variance and Defendant's ultimate sentence. This suggests that he would have varied further from the guidelines had he the authority to do so. It is, of course, not clear how much further he would have varied, but this Court believes that it would have been at least an additional year or more. This Court's 2013 reduction in Defendant's sentence obviously took Judge Schwab's originally imposed sentence as a starting point, so an original sentence a year or so shorter would certainly have reduced the sentence this Court imposed similarly. The Court finds, therefore, that a sentence of imprisonment of time served, which reduces Defendant's sentence by just 13 months, is appropriate.[3] It is hard to imagine that the Fair Sentencing Act would not have had at least that much of an effect given the substantial change in the mandatory minimum sentence.

---

[3] The Court agrees with those district courts that have declined to impose sentences of less than time served under the First Step Act so as to eliminate any chance a criminal defendant may be "banking time" to be credited against potential future federal criminal sentences, including for violations of supervised release. See United States v. Davis, No. 07-cr-2458(1), 2019 WL 1054554, at *3 n.2 (W.D.N.Y. Mar. 6, 2019); United States v. Jackson, No. 5:03-cr-30093, 2019 WL 613500, at *2 (W.D. Va. Feb. 13, 2019); United States v. Norman, No. 1:08-cr-286, 2019 WL 3296830, at *6 (W.D. Mich. July 23, 2019). Allowing a criminal defendant to bank time in such a way, particularly when he has not served beyond the statutory maximum, is consistent with none of the factors under 18 U.S.C. § 3553(a).

The Court notes that the parties differ on the specific basis for this Court's authority to reduce Defendant's sentence and whether Defendant is entitled to appear at a plenary re-sentencing. The Court agrees with the majority of district courts that this Court's limited authority to modify a sentence comes from 18 U.S.C. § 3582(c)(1)(B), which limits the Court to modifying a sentence as "expressly permitted by statute." See Crews, 2019 WL 22448650, at *4; United States v. Davis, No. 07-cr-2458(1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019). As discussed, the First Step Act expressly permits the Court to reduce that sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Because the authority given to this Court is expressly limited to applying these two sections, it is not at liberty to conduct a plenary re-sentencing. See Cruz, 2019 WL 3070562, at *3 (collecting cases); Crews, 2019 WL 22448650, at *4; United States v. Russo, No. 8:03-cr-413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019); United States v. Lewis, No. CR 08-0057-JB, 2019 WL 2192508, at *19 n.12 (D. N.M. May 21, 2019). Nor, then, is Defendant's presence required to impose a reduced sentence under the First Step Act. See Fed. R. Crim. P. 43(b)(4); Davis, 2019 WL 1054554, at *3. Nonetheless, as the Court is reducing Defendant's sentence to time served, these issues ultimately make little or no difference in this case.

The Court further notes that the parties agree that Defendant's terms of supervised release at his offenses of conviction should be reduced from 10 years to 8 years, to be served concurrently. The Court agrees and will make this reduction. All terms and conditions of supervised release originally imposed upon Defendant shall remain in full force and effect. Further, the Court will impose an additional condition of supervised release requiring Defendant

to serve up to 3 months of his supervised release in community confinement, unless or until the Probation Officer approves a home plan, so as to facilitate his transition from imprisonment.

Accordingly, Defendant is entitled to a reduction in his sentence of imprisonment and of supervised release at Criminal Nos. 07-289 and 07-433. An appropriate Order and Judgment reflecting these changes will be issued.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record